[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

Nos. 07-11305 and 07-11621
Non-Argument Calendar
_____

FILED
U.S. COURT OF
APPEALS
ELEVENTH CIRCUIT
JULY 16, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 05-60149-CR-JIC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT MCKAY,
MICHAEL MCKAY,

Defendants-Appellants.

_____

Appeals from the United States District Court
for the Southern District of Florida

_____

**(July 16, 2008)**

Before TJOFLAT, DUBINA and BLACK, Circuit Judges.

PER CURIAM:

Appellants Michael McKay and Robert McKay were indicted, along with Phillip Ciccarelli and James Lynch,[1] by a federal grand jury in the Southern District of Florida in relation to their activities controlling and financially exploiting the American Maritime Officers Union ("the Union") and its member benefit plans ("the Plans").

## I.

Following a 21-day jury trial, the defendants were convicted of various charges stemming from their actions in conducting the affairs of the Union and the Plans through a pattern of racketeering, which included acts of misconduct in the following areas: (1) political campaign contributions; (2) housing leased by the Plans; (3) funds for entertainment and expenses used by the Plans; (4) Union elections; and (5) expense reports. Robert McKay, the secretary-treasurer of the Union, and Michael McKay, the president of the Union, were convicted of a Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962(c) ("RICO") conspiracy, the object of which was to financially exploit the Union and the Plans for personal gain. Following the convictions, the government sought

---

[1]Ciccarelli pled guilty to one count of theft from an employee pension fund and was sentenced to four years' probation. Lynch was tried separately and found guilty of RICO conspiracy and was sentenced to 30 months' imprisonment. He has appealed his conviction and sentence separately.

forfeiture of the amount of illicit proceeds generated by the racketeering enterprise, as well as those proceeds generated by the mail fraud and embezzlement; the government also included the salaries paid by the Union to both Robert and Michael in its loss calculation. The government asserted that because Robert and Michael were convicted of the RICO conspiracy charge, they were jointly and severally liable for the full amount of the proceeds generated from that enterprise.

The district court sentenced Michael to 78 months' imprisonment, three years supervised release, $271,040.21 in restitution, and a $525.00 assessment. The district court sentenced Robert to 15 months' imprisonment, three years supervised release, $271,040.21 in restitution, and a $450.00 assessment.

The district court also issued final judgments of forfeiture against Michael in the amount of $2,002,275.71, and Robert in the amount of $509,744.71, with Michael and Robert jointly and severally liable for the $509,744.71. The defendants then perfected their appeals, which we consolidated.

## II.

The issues presented on appeal are:

(1) Whether sufficient evidence supports the defendants' RICO conspiracy convictions for controlling and exploiting the Union and its associated Plans.

(2) Whether the district court abused its discretion in instructing the jury regarding the proof the government must demonstrate to establish that the defendants willfully joined the RICO conspiracy and in denying the defendants' requested instruction regarding their alleged good faith reliance on the advice of Union counsel.

(3) Whether sufficient evidence supported the defendants' respective mail fraud and embezzlement convictions.

(4) Whether the district court properly apportioned the defendants' financial responsibility for the RICO conspiracy in their respective forfeiture and sentencing orders.

(5) Whether the district court abused its discretion in denying a mistrial regarding the government's rebuttal comments about defense counsel's attempt to explain certain documentary evidence.

## III.

We review claims for insufficiency of the evidence in the light most favorable to the government, and a defendant's conviction will not be overturned if a reasonable jury could have found the evidence established guilt beyond a reasonable doubt. *United States v. Brantley*, 68 F.3d 1283, 1287 (11th Cir. 1995).

A district court's refusal to give a jury instruction requested by the defense is reviewed for abuse of discretion only. *United States v. Morales*, 978 F.2d 650, 652 (11th Cir. 1992).

This court reviews *de novo* the district court's legal conclusions regarding forfeiture and sentencing and the district court's factual findings for clear error. *United States v. Browne*, 505 F.3d 1229, 1278 (11th Cir. 2007), *cert. denied*, ___ S. Ct. ___, 76 U.S.L.W. 3512 (U.S. Jun. 23, 2008); *United States v. Williams*, 340 F.3d 1231, 1234-35 (11th Cir. 2003).

"The decision to grant a mistrial lies within the sound discretion of the [district court] since [it] is in the best position to evaluate the prejudicial effect of a statement or evidence on the jury." *United States v. Satterfield*, 743 F.2d 827, 848 (11th Cir. 1984) (quoted in *United States v. Mendez*, 117 F.3d 480, 484 (11th Cir. 1997)).

## IV.

After reviewing the record, and reading the parties' briefs, we conclude that there is no merit to any of the arguments defendants make in this appeal, and we therefore affirm their convictions, the district court's forfeiture order, and Michael's sentence.

The record demonstrates that at trial the government presented direct testimony, recorded conversations, and documentary evidence that more than supported the jury's verdict finding Michael and Robert guilty of the RICO conspiracy and their respective challenges to the substantive counts of conviction. As officers and leaders of the Union, Michael and Robert used their positions to exploit the Union and the Plans for their own financial and political benefits with a detriment to the Union and the Plans.

We also conclude from the record that the district court did not abuse its discretion in giving the pattern RICO jury instructions properly setting forth the proof required to establish a defendant's willing agreement to join the conspiracy. We also conclude that the district court acted within its discretion in denying a requested instruction regarding the defendants' alleged reliance on the advice of counsel. The instruction was not supported by the evidence and was already adequately covered by the good faith jury instructions.

Robert challenges the forfeiture order holding him jointly and severally liable for funds misappropriated by Michael, arguing that he can only be held liable for funds related to his own embezzlement count of conviction and not RICO predicate acts for which he claims he was not responsible. Michael challenges the

inclusion of his Union salary in his forfeiture order and in the fraud loss amounts used to calculate his sentence.

Robert also challenges his legal liability for Michael's manipulation of the Union and Plans expenditures, which Robert distinguishes from his admitted liability for the amounts he was found to have personally embezzled from the Union.

We conclude from the record that Robert was properly held jointly and severally liable for Michael's improper personal expense charges in his forfeiture order. Robert was convicted of the RICO conspiracy, and one of the objects of the conspiracy was financial exploitation of the Union and the Plans.

We also conclude that Michael's forfeiture order and guidelines sentencing calculations properly included the amount of his Union salary. Unlike restitution orders, forfeiture and RICO sentencing determinations are intended to take into account the defendant's ill-gotten gains, and not to examine the net cost and benefits to the victim.

Finally, we conclude from the record that the district court did not abuse its discretion in denying a mistrial regarding the government's rebuttal comments. Specifically, Robert argues that the district court abused its discretion in not granting a mistrial on the basis of rebuttal arguments by the government reportedly

shifting the burden of proof or commenting on Robert's failure to testify. The district court denied Robert's motion for a mistrial, finding that "it was a fair comment on the argument of opposing counsel." (DE: 340:164-65).

We do not read the prosecutor's isolated remark as intending to comment on Robert's failure to testify or to shift the burden of proof. The prosecutor fairly commented on defense counsel's attempt to explain the evidence concerning Robert's restaurant expense vouchers. Moreover, the district court instructed the jury regarding the government's burden of proof, and the government acknowledged its burden. Viewed in context, we conclude that the government's comment on defense counsel's failure to explain the restaurant receipts did not confuse the jury regarding the burden of proof and cannot be read as intending to comment on Robert's failure to testify. *See United States v. Hernandez*, 145 F.3d 1433, 1438-39 (11th Cir. 1998) (noting that reversal of conviction is required if the prosecutor's comments were improper and prejudiced the defendant's substantive rights).

For the above-stated reasons, we affirm the defendants' convictions, the district court's order of forfeiture and Michael's sentence.

**AFFIRMED.**

8